

**ORDERED in the Southern District of Florida on June 13, 2024.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**
**www.flsb.uscourts.gov**

In re:                                                              Case No.: 23-18321-LMI

**PIONEER INTER-DEVELOPMENT, INC.,**                 **Chapter 11**

          Debtor.
_____/

**ORDER CONFIRMING THE DEBTOR'S**
<u>**SUBCHAPTER V PLAN FOR REORGANIZATION AS A CONSENSUAL**</u>
<u>**PLAN**</u>

This matter came before the Court on June 10, 2024, at 1:30 p.m., to consider confirmation of the Second Amended Plan (the "Plan") (Doc. [184]) filed on April 23, 2024, by the Debtor, PIONEER INTER-DEVELOPMENT, INC. The Court has reviewed the evidence presented and the record of this case, including: (i) The Plan and Exhibits thereto, including the Settlement Agreement with the Homeowner Creditors incorporated into the Plan, entered into evidence as Debtor's Exhibit "1";

(ii)  the certificate of proponent of plan (Doc.[231]) entered into evidence as Debtor's Exhibit "2", (iii) the confirmation affidavit of Francisco Mendez (Doc.[230]) entered into evidence as Debtor's Exhibit "3", (iv) the proffer  by the Debtor accepted by this Court and the CPA, Charles A. Krblich via zoom, that there is no adverse tax consequences to the Debtor based on the unfiled 2019 -2023 tax returns as the entity is a Sub S corporation and tax consequences, if any , flow to the owner and  that the returns will be filed in the near future and (v) the modification announced on the record and approved by this Court as set forth below.  Having considered the evidence presented, the arguments of counsel, and being otherwise fully advised in the premises, after notice and a hearing with no objection to confirmation having been filed or presented at the confirmation hearing, the Court finds and concludes as follows:

## **FINDINGS OF FACTS & CONCLUSIONS OF LAW**

A.    **Jurisdiction**.   The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[1] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B.    **Venue**.  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C.    **Notice**.  Due, adequate, and sufficient notice of the Plan and the order setting a hearing on confirmation (Doc.[184]) were served upon all creditors, interest

---

[1] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D.    **Objections to Confirmation**.  Present at the hearing in relation to confirmation were the Debtor's representative, Francisco Mendez, the Debtor's counsel, Thomas L. Abrams; the Chapter 11 Sub V Trustee, Aleida Martinez-Molina; Dan L. Gold on behalf of the United States Bankruptcy Trustee; Vincent F. Alexander, on behalf of the Homeowner Creditors. There were no objections to confirmation.

E.    This Court is approving this Plan under **11 U.S.C. 1191(a)** as a consensual Plan as the only impaired class, Class 1 under the Plan, voted in favor of the Plan and  the Plan satisfies the requirements for confirmation under the applicable provisions of the Bankruptcy Code.

F.    **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims.  Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class.  Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such

classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

G. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the plan.

H. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

I. **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

J. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. The Plan provides adequate means for the Plan's implementation.

K. **Non-Voting Equity Securities /Allocations of Voting Power -11 U.S.C. § 1123(a) (6)**. Francisco Mendez is the sole owner of the Debtor and is not impaired as he maintains his equity interest under the Plan.

L. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

M.    **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**.  Article 6 of the Plan, pursuant to § 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section. This Court affirms the assumption of the contract between the Debtor and Deborah Taylor as to the GC work on her home in process.

N.    **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**.  Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

O.    **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**.  The principal purpose of the plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

P.    **Subchapter V Plan Requirements – 11 U.S.C. § 1189**.  The Plan complies with § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter.

Q.    **Contents of a Subchapter V Plan – 11 U.S.C. § 1190**.  In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization.  The Plan provides for the submission of all or such portions of the future earnings or other future income of the Debtor as well as certain reporting requirements set forth in

paragraph 6 of the Settlement Agreement with the Homeowner Creditors which is incorporated herein.

      R.    **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**. The Court finds that the Plan (1) satisfies the applicable requirements of 11 U.S.C. § 1129(a), and (2) does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan. As a result, the Plan is confirmed under § 1191(a). With respect to the applicable provisions of § 1129(a), the Court finds and concludes as follows:

      1.    **11 U.S.C. § 1129(a)(1) and (a)(2)**.  The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

      2.    **11 U.S.C. § 1129(a)(3)**.  The Plan was proposed in good faith and not by any means forbidden by law.

      3.    **11 U.S.C. § 1129(a)(4)**.  Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

      4.    **11 U.S.C. § 1129(a)(5)**.  The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the Debtor and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or

retained by the reorganized debtor, and the nature of any compensation for such insider.

5.   **11 U.S.C. § 1129(a)(7)**.  The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

6.   **11 U.S.C. 1129(a)(8).**  With respect to each class of claims or interests, such class has accepted the Plan, or such class is not impaired under the Plan.

7.   **11 U.S.C. § 1129(a)(9)**.  There are no claims under 1129(a)(9).

8.   **11 U.S.C. 1129 (a)(10).**  If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider. In this case, the sole impaired class, class 1, has accepted the Plan.

9.   **11 U.S.C. § 1129(a)(11)**.  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the debtor or any successor to the debtor under the Plan.

10.   **11 U.S.C. § 1129(a)(12)**.  All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have

been paid or the plan provides for the payment of all such fees on the effective date of the Plan. No such fees are owed by the Debtor.

S.    **Confirmation**.  The plan is confirmed under 11 U.S.C. § 1191(a).

1.    **Binding Effect of Plan**.   Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the debtor, and any creditor, whether or not the claim or interest of such creditor, is impaired under the plan and whether or not such creditor,  has accepted the Plan.

2.    **Re-vesting of Property**.   Under 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor.   Except as provided in §§ 1141(d)(2) and (3),11 U.S.C. 1186 and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

3.    **Post-Confirmation Operation of Business**.  Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code.  The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court.  Except as set forth in the Plan concerning objections to claims and avoidance actions , the Debtor may also settle or compromise any claims without Court approval.

4. **Injunction and Discharge**. Because the Plan is confirmed under section 1191(a), the Court grants the Debtor a discharge of all debts provided in 11 U.S.C. § 1141(d)(1)(A), and all other debts allowed under 11 U.S.C. § 503 and provided for in the Plan. To the extent the discharge provisions set forth in Article 9 of the Plan are inconsistent with this Confirmation Order, 11 U.S.C. § 1141(d), or any other provision of the Bankruptcy Code, this Order, 11 U.S.C. § 1141(d), and the Bankruptcy Code shall control.

5. **Disbursing Agent**. As allowed for under 11 U.S.C. § 1194(a) and provided for in the Plan, the Debtor shall be the disbursing agent under the Plan. The sub–V Chapter 11 Trustee is discharged.

6. **United States Trustee Guidelines**. The Debtor must comply with the guidelines set forth by the Office of the United States Trustee until the closing of this case by the issuance of a Final Decree by the Bankruptcy Court. The Debtor is not required to file quarterly or other reports post confirmation under 11 U.S.C. 704 (a) (8).

7. **Miscellaneous Provisions** As set forth in the Settlement Agreement attached as Exhibit 1 to the Plan, approved by this Court without objection  and incorporated in the Plan the Homeowner Creditors (which constitute over 99% of the creditor body) do not object to the Debtor's request for release of avoidance claims that may exist against Francisco Mendez and Isabel Mendez, subject to the case not converting to  Chapter 7 for any reason  which would then void  any release of avoidance claims.  The Sub V Trustee was also part of the negotiation of the

Settlement Agreement and concurs with the release of such avoidance claims as to Fracisco Mendez and Isabel Mendez. This is not a Plan release or bar of any and all claims, it is solely a release of avoidance actions based on the business judgment of the Debtor and agreement by the creditors which constitute over 99% of the creditor body. The Court finds that the request by the Debtor is appropriate under the circumstances and is approved subject to the release of such avoidance claims being deemed null and void if this case is converted to a case under Chapter 7 for any reason in the future.

The Debtor maintains any and all causes of actions which occurred pre and post-petition, including ,but not limited to, all actions under sections 544,545,547,548 549,550,551,or 553 of the Bankruptcy Code (the "Avoidance Actions") unless otherwise resolved by Order of this Court or otherwise set forth in this Order, and has the right to pursue such actions in its business judgment. The Debtor shall consult with the Homeowner Creditors on the pursuit and prosecution of all Avoidance Actions.

8.    On or before June 24th of each respective year under the Plan and commencing on April 15, 2025, the Debtor shall cause to be filed a report with the Clerk of the Court , listing all Plan payments made as of the date of the report (including the date of payment, ,name of creditor paid and the amount paid  to the creditor) and  stating that all Plan payments are current or otherwise report the status of its payments required under the Plan.

The Effective date and first Plan payments shall be within 14 days after the entry of this Confirmation Order.

T.    **<u>Effect of Confirmation Order on Plan</u>**.  The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

U.    **<u>Executory Contracts and Leases</u>**. Except as otherwise provided in a separate order of the Court or in the Plan, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date. Specifically, the executory contract set forth in section 6.01 of the Plan as being assumed between Debtor and is deemed assumed.

V.    **<u>Service of Confirmation Order</u>**. The debtor's counsel, Thomas L. Abrams, Esq., Gamberg & Abrams, is directed to serve a copy of this Order to all parties and file a certificate of service within five (5) days of the entry of this Order.

W.    **<u>Documents Required to Effectuate Plan</u>**.  The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

X.    **<u>Modification After Confirmation</u>**. Under 11 U.S.C. § 1193(c), the Debtor may modify the Plan at any time after confirmation of the Plam and before substantial consummation of the Plan but may not modify the Plan such that the

Plan as modified fails to meet the requirements of 11 U.S.C. 1122 and 1123 with the exception of 11 U.S.C. 1123(A)(8). The Plan, as modified becomes the Plan only if circumstances warrant the modification and the Court, after notice and hearing confirms the Plan as modified under 11 U.S.C. 1191 (a). Under 11 U.S.C. 1193(d), any holder of a claim or interest that has accepted or rejected the Plan is deemed to have accepted or rejected, as the case may be the Plan as modified, unless, within the time fixed by the Court, such holder changes the previous acceptance or rejection of the holder.

Y.    **Discharge of the Subchapter V Trustee**. The service of the Subchapter V Trustee shall terminate when the Plan is substantially consummated, except that the United States Trustee may reappoint a trustee as needed for the performance of duties under 1183(b)(3)(C) AND 1185(a). Additionally, not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Chapter V Trustee, the United States Trustee, and all parties in interest a notice of such substantial consummation. The Debtor must file the Local Form "Final Report and Motion for Entry of Final Decree" detailing all payments made under the Plan, unless extended by the Court, on or before the later of 30 days after: (a) completion of all plan payments, or (b) entry of a final order resolving all disputes.

Z.    **Jurisdiction**. This Bankruptcy Court, Miami Division, retains jurisdiction to:

1.    Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the Plan.

2.     Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation.

3.     Adjudicate objections to claims.

4.     Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan.

5.     Adjudicate modifications of the plan under 11 U.S.C. § 1193.

6.     Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

7.     Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

8.     Maintain exclusive jurisdiction with respect to all matters arising from or related to the interpretation or implementation of the Order confirming the Debtor's Plan.

9.     Any action of alleged breach of the Settlement Agreement between the Debtor and Homeowner Creditors, or any other party executing a settlement agreement approved by this Court, to interpret or enforce said Settlement Agreement.

10.    Determine any adversary proceedings, applications, and contested matters relating to this chapter 11 case, in each case in accordance with applicable law.

11.    Hear any matter consistent with the provisions of the Bankruptcy Code

12.    Maintain jurisdiction as to claims relating to Michale Linde, LMSOA and Michale Frank arising out of or relating to their representation of the Debtor in this chapter 11 case.

# # #

**Submitted by:**
Thomas L. Abrams, Esq.
Gamberg & Abrams
Attorneys to Debtor-in-Possession
1213 S.E. Third Avenue, Second Floor
Ft. Lauderdale, Florida 33316
Telephone:  (954) 523-0900
Facsimile:  (954)915-9016
Email: tabrams@tabramslaw.com

**Copies furnished to:**
Thomas L. Abrams, Esq., must serve a copy of the signed order on all parties served with the motion and must file with the court a certificate of service conforming with Local Rule 2002-1(F).